UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR190-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **FINAL ORDER AND JUDGMENT** |
| v. ) | **CONFIRMING FORFEITURE** |
| ) | |
| BONNIE KNIGHT BRIDGES, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on the government's motion for a final order and judgment confirming forfeiture in this case. As to this defendant, the following history regarding forfeiture appears from the record and is undisputed:

1. On October 15, 2012, this Court entered a preliminary order of forfeiture (by consent) (Doc. 95) pursuant to Rule 32.2(b) and 21 U.S.C. §853(n), based upon the defendant's plea of guilty to Counts One and Two in the bill of information. In those counts, defendant was charged with conspiracy to commit interstate transportation of stolen property in violation of 18 U.S.C. § 371 and § 2314 and conspiracy to evade taxes in violation of 18 U.S.C. § 371, respectively. In her plea agreement, defendant agreed to forfeit the assets seized during the investigation of the acts alleged and other assets which are proceeds of or have been used to facilitate illegal activity.

2. The government represents that, under Fed. R. Crim. P. 32.2(b)(6)(A) and (C) and Supplemental Rule G(4)(a), notice has been sent to each person who reasonably appeared to be a potential claimant with standing to contest the forfeiture; and, further, that it has published internet notice of this forfeiture and of the intent of the government to dispose of the forfeited property according to law, thereby notifying all third parties of their right to petition the Court

1

within thirty days for a hearing to adjudicate the validity of any alleged legal interest in the property. *See* Declaration of Publication filed December 19, 2012 (Doc. 125). It appears that two petitions have been filed and adjudicated, and that the preliminary order has been amended accordingly. In addition, certain assets listed in the preliminary order have been or will be released. As to the remaining assets covered by this motion for a final order, it appears that both any required direct notice and internet publication of notice of the preliminary order has been duly made or, in the case of $12,500 tendered by petitioner Terry Bridges as a substitute *res* for the real property and the forfeiture money judgment, that such publication is not required.[1]

    3. On January 26, 2013, defendant's son, Terry Lee Bridges, filed a third-party petition (Doc. 132) asserting an interest in one specific asset listed in the preliminary order, that is, the real property located at 114 Rustic Hills Circle, Bessemer City, North Carolina. A second petition as to that asset was filed by Sharonview Federal Credit Union on April 10, 2013 (Doc. 157). Both petitions were settled by forfeiture of a substitute *res* of $12,500, and the preliminary order was accordingly amended to delete the real property, as ordered by the Court on October 15, 2013, (Doc. 183). No other petitions were filed regarding this asset.

    4. The following asset was listed in the preliminary order but has been released by an order of the Court:

        One 2005 Chevrolet Avalanche. *See* Order filed February 28, 2013 (Doc. 150).

---

[1] A second preliminary order was filed on October 16, 2012, (Doc. 97), ordering defendant to pay a forfeiture money judgment of $7 million, which was included in the amended judgment filed herein on December 28, 2012 (Doc. 126). However, because a forfeiture money judgment operates solely against a defendant and does not affect third parties, there is no requirement that the government serve or publish notice of that order. As to the $12,500 substitute *res*, the government represents that there is no known potential claimant or interested third party.

2

Case 3:11-cr-00190-MOC-DSC   Document 221   Filed 02/13/15   Page 2 of 4

5. The following assets were also listed in the preliminary order, but a lienholder, Amity Finance, Inc., ("Amity"), has asserted its interest in the assets, with outstanding loan balances as of May 9, 2014, as follows:

>One 1998 Lincoln Navigator ($8102.88); and,

>One 1996 Harley Davidson Sportster motorcycle ($1103.64).

Amity has not filed a petition herein. However, in light of storage costs and other considerations, the government has elected not to pursue forfeiture but to seek an order releasing these vehicles to Amity.

6. An amended judgment was filed on December 5, 2014 (Doc. 212), including forfeiture of the specific assets listed in the preliminary order and a forfeiture money judgment of $7 million, and providing that the defendant shall be jointly and severally liable with any other defendants "who are also ordered to pay a proceeds money judgment in this case."

7. Consequently, with the amendments and the release of certain assets as stated above, in accordance with Rule 32.2(c)(2), the Court may now confirm the preliminary order as the final order and judgment of forfeiture to give the government clear title to the forfeited assets.

IT IS THEREFORE ORDERED:

1. All right, title, and interest in the following property, whether real, personal, or mixed, is hereby forfeited to the United States for disposition according to law:

**$11,338.00 in United States Currency;**

**One 2002 Chevrolet Silverado, VIN 2GCEC19TX21101540;**

**One 2003 Chevrolet Express G1500 van, VIN 1GCFG15X831153693;**

**One 2006 Fleetwood Camper, VIN 1EF1C282666011634;**

**The sum of $12,500 as a substitute *res* for real property located at 114 Rustic Hills Circle, Bessemer City, NC.**

3

Case 3:11-cr-00190-MOC-DSC   Document 221   Filed 02/13/15   Page 3 of 4

2.  The following two vehicles shall be released to Amity Finance, Inc., which shall not be required to pay any storage costs or other expenses incurred in connection with these assets:

**One 1998 Lincoln Navigator, VIN 5LMPU28L3WLJ31274; and**

**One 1996 Harley Davidson Sportster motorcycle, VIN 1HD1CHP34TY229277.**

3.  The defendant shall pay a monetary judgment for the forfeiture of criminal proceeds in the amount of $7 million, and shall be jointly and severally liable with any other defendants who are also ordered to pay a proceeds money judgment in this case; and,

4.  The defendant shall receive credit against the forfeiture money judgment for the net proceeds received by the government following forfeiture of the specific assets herein.

Signed: February 13, 2015

Max O. Cogburn Jr
United States District Judge